### Bowen *against* Bowen and others.

*A* conveyed a tract of land to *B*, by a deed to which was annexed the condition, that if *B* should pay 100 dollars to *C* and certain other sums to certain other persons, in one year from the decease of *A*, the deed should be good and valid, otherwise null and void. On the 14th of *February*, 1841, *A* died; and within one year from that time, *B* paid to the several persons named in the condition of the deed the sums to which they were respectively entitled, except the 100 dollars required to be paid to *C*. On the 7th of *March*, 1842, *B* tendered that sum, with interest, to *C*; which *C* did not accept. On a bill in chancery, brought by *B* aganist *C* and the heirs at law of *A*, praying for a confirmation of *B's* title and an injunction against the further prosecution of an action at law then pending, brought by *D*, one of the heirs at law of *A*, to recover possession of the land, it was held, that *B* was entitled to the relief sought.

In such case, *B* having a claim against *C*, founded on a promissory note, sought to have it set off against the amount so payable by him to *C*; but these claims being distinct and independent, and it not being shown that *C* was insolvent; it was held, that there was no ground for decreeing a set-off.

The rule, in equity, as well as at law, before the statute of 1848, was, that if a defendant had no interest in the result of the suit, he might be a witness; but if he had such interest, he could not be called by a co-defendant.

Therefore, where *D*, one of the defendants in the suit referred to, on the hearing before the committee, offered his co-defendant *C*, as a witness in behalf of *D*, to testify to matters for *D's* benefit, but in no way to affect the rights or claims of *C*; but it appeared that *C*, though not one of the heirs of *A*, was otherwise materially interested in the suit, and liable to be affected by a decree in favour of *B*; it was held, that *C* was an incompetent witness.

Windham,
July, 1849.

Bowen
v.
Bowen.

THIS was a bill in chancery, brought by *Silas Bowen* against *Amasa Bowen* and the heirs at law of *Eleazer Bowen*, deceased; praying for the confirmation of the plaintiff's title to certain real estate, which the plaintiff claimed under a conditional deed from the said *Eleazer;* and also praying for an injunction against the further prosecution of an action at law to recover possession of the same, brought by *Millard Bowen*, one of the defendants.

The cause was referred to a committee, who made a report to the superior court, holden at *Brooklyn*, at the *January* term, 1849. The material facts embraced in that report, are the following.

*Eleazer Bowen*, the father of the plaintiff, by deed dated *April* 27th, 1838, conveyed to the plaintiff and his brother *Anthony Bowen*, a certain farm of land situated in the town of *Thompson*, containing about 140 acres. To this deed was annexed a condition, that if the grantees should pay to *Amasa Bowen* one hundred dollars, to *Esther Tucker* two hundred dollars, and to seven other persons therein named one hundred dollars each, within one year after the decease of himself and wife,—the deed was to be good and valid in law, otherwise to be null and void.

In 1840, *Anthony Bowen* conveyed all his interest in the farm to the plaintiff; and on the 14th day of *February*, 1841, *Eleazer Bowen*, the grantor, died; his wife having previously died. Within one year from the death of the grantor, the plaintiff paid to the several persons named in the condition of the deed, the sums to which they were respectively entitled, except the one hundred dollars, required to be paid to *Amasa Bowen*, one of the defendants.

In 1838, *Amasa Bowen* became indebted to the plaintiff, by a promissory note, in the sum of sixty dollars, payable to the plaintiff, or order; which, the plaintiff, for the purpose of collecting the same, or having it apply, by way of set-off, against the sum payable to the maker, by virtue of the deed, indorsed to one *Lorenzo Wakefield*, in trust, for his own benefit; and then caused a suit to be brought thereon, in the name of *Wakefield*, by process of foreign attachment, and

himself and said *Anthony Bowen*, to be copied (*a*) as the debtors of *Amasa Bowen*.

Judgment having been rendered in favour of *Wakefield*, in that suit, the plaintiff afterwards caused another like suit to be brought on that judgment. And, again, in 1842, the plaintiff caused a third suit to be brought on the judgment rendered in the second suit, and himself to be copied as the agent and debtor of *Amasa Bowen ;* and judgment was rendered in favour of *Wakefield*, for 159 dollars, 38 cents, damages, and 17 dollars, 13 cents, costs of suit. Execution having issued upon this last judgment, by an arrangement made between the plaintiff and *Wakefield*, the officer endorsed upon the execution that the plaintiff, as garnishee, had paid him 103 dollars, 38 cents, being the amount due *Amasa Bowen*, by virtue of the deed, with legal interest, and made return of the execution so endorsed.

On the 7th day of *March*, 1842, and after the expiration of one year from the decease of *Eleazer Bowen*, the plaintiff tendered to *Amasa Bowen*, the sum of 100 dollars, 38 cents, the amount then due him by virtue of the deed ; which the latter refused to accept.

*Amasa Bowen*, at the suggestion and by the advice of *Millard Bowen*, one of the defendants, in 1834, made an assignment of his claim to *Wilbur Bowen*, to prevent a set-off of the note, and for no other purpose. But no notice of that assignment was given to the plaintiff, until after the 14th day of *February*, 1842.

*Millard Bowen*, as one of the heirs of *Eleazer Bowen*, claiming that the deed had become void by reason of the non-payment of the sum of one hundred dollars to *Amasa Bowen*, commenced an action of disseisin against the plaintiff, to recover, as such heir, one undivided eighth part of the farm conveyed to the plaintiff and his brother *Anthony ;* which suit is still pending.

The object of the plaintiff's bill is to have his title to the property, conveyed by the deed of his father, confirmed,

(*a*) This word ("*copied*,") I have taken from the record. Its meaning, even out of the state, will probably not be mistaken. It is quite domesticated in our juridical vocabulary, and is about as classical as its *Massachusetts* relative "*trusteed*," equally well domesticated there.                    *R.*

*Windham,*
*July, 1849.*

Bowen
*v.*
Bowen.

upon such terms as the court may deem reasonable, and *Millard Bowen* enjoined against the further prosecution of his action at law.

After this report had been returned to court, *Millard Bowen* filed a remonstrance against its acceptance, upon the ground, that before the committee, he offered *Amasa Bowen*, one of the defendants, as a witness in his behalf, to testify to facts and matters for his benefit, but in no way to benefit or affect the rights or claims of *Amasa* himself; and the committee rejected the testimony.

The superior court found the allegations in the remonstrance to be true ; and reserved for the advice of this court the following questions :

1. Shall the report be rejected ?

2. If not, what decree shall be rendered upon the same ?

*Welch* and *F. Hovey*, for the plaintiff, contended, 1. That the testimony of *Amasa Bowen* was correctly rejected. In the first place, he was a party to the record. At law, it is clear that such a person cannot be admitted as a witness. *Stark. Ev.* 1961. (3rd ed.)   *Page* v. *Page*, 15 *Pick.* 368. 373.   And on this point the rule in equity is the same as at law.   *Sw. Ev.* 115, 116.   *Johnson* v. *Blackman*, 11 *Conn. R.* 347.   2 *Sto. Eq.* 742. §1527.   1 *Greenl. Ev.* 429.   Secondly, he was, *prima facie* at least, directly interested in the subject matter of controversy ; and if, under any circumstances, or for any purpose, his testimony could be admitted, it was incumbent upon the party offering him to show what those circumstances were, and what was intended to be proved by him—matters which do not appear from the report of the committee.   As the case stands, he must be regarded as incompetent by reason of interest.

2. That the plaintiff was entitled to a decree against all the defendants for the relief sought.   *Walker* & al. v. *Wheeler* & al. 2 *Conn. R.* 299. 301.   *Popham* v. *Bamfield*, 1 *Verm.* 83.   *Grimston* v. *Bruce* & ux., 1 *Salk.* 156.   2 *Sw. Dig.* 84.

*T. E. Graves*, for the defendants, contended, 1. That the testimony of *Amasa Bowen* was improperly rejected. In the first place, *Millard Bowen* had a right to examine his co-

defendant as to facts which would not affect the witness; for even at common law, a *party* is not excluded, unless he has an interest in the event. *Worrall* v. *Jones* & al., 7 *Bing.* 395. (20 *E. C. L.* 177.) *Ward* v. *Haydon* & al., 2 *Esp. R.* 552. *Marsh* v. *Smith* & al., 1 *Car. & Pa.* 577. (11 *E. C. L.* 478.) In chancery, the rule is more liberal than at common law. A plaintiff may examine a defendant, and a defendant a co-defendant, as a witness, where the interest of the witness is not to be affected by the testimony. 1 *Greenl. Ev.* §361. 1 *Daniel's Ch. Pr.* 1035. n. *Robinson* v *Sampson*, 25 *Maine R.* 380. *Man* v. *Ward*, 2 *Atk.* 228, 9. *Palmer* v. *Van Doren*, 2 *Edw. Ch. R.* 192. *Wright* v. *Wright*, 2 *McCord's Ch. R.* 205. *Sharpe* v. *Morrow*, 6 *Munro*, 305. *McLaren* v. *Hopkins*, 1 *Paige*, 18. *Kirk* v. *Hodgson*, 2 *Johns. Ch. R.* 550. *Butler* & al. v. *Elliott* & al., 15 *Conn. R.* 187. Secondly, the case presented by the record is that of a *disinterested* witness. *A. Bowen* was offered, by a co-defendant, to prove facts which could not affect his interest, either as to costs, or any other matter in question. He was offered only to give disinterested testimony. It would have been quite early enough to reject his testimony, when it appeared to be otherwise.

2. That upon the facts found, the court will not grant the relief sought. In the first place, no payment or tender having been made within the time limited, the estate of the plaintiff is forfeited. *Wheeler* & ux. v. *Walker*, 2 *Conn. R.* 196. *Bradstreet* v. *Clark*, 21 *Pick.* 393, 4. 1 *Shep. Touch.* 136. (7*th Eng.* ed.) Secondly, by reason of the condition broken, *Millard Bowen*, an heir at law, has entered, (and no one but an heir could enter,) and brought an action of disseisin, which is now pending. He has thus obtained a *legal right*. *Willard* v. *Henry*, 2 *N. Hamp.* 120. *Mary Portington's* case, 10 *Co.* 41. *Avelyn* v. *Ward*, 1 *Ves.* 422. Thirdly, the rule by which courts of equity grant relief, on condition broken, is this. In cases of forfeiture, for breach of condition or covenant other than to pay rent, no relief will be granted in equity, except on the ground of accident, mistake, fraud or surprise, even though the breach is capable of a just compensation. 2 *Sto. Eq.* §1323. See also *Eaton* v. *Lyon*, 3 *Ves. jr.* 692, 3. *Hill* v. *Barcley*, 16 *Ves.* 403–5. S. C. 18 *Ves.* 58. *Eden on Injunc.* 22, 3. *Northcote* v.

*Windham,*
*July,* 1849.

Bowen
*v.*
Bowen.

*Windham,*
*July, 1849.*
———————
Bowen
*v.*
Bowen.

*Duke, Ambler,* 513, 14.   *Rolfe* v. *Hawes,* 2 *Price,* 206. *Bracebridge* v. *Bulkley,* 2 *Price,* 315.   And this rule harmonizes in principle with other branches of equity jurisprudence.   1 *Sto. Eq. ch.* 4 to 6 inclusive.   1 *Fonb. Eq. b.* 1. *ch.* 3. §3.   Fourthly, the case is not within the admitted exceptions.   The breach was not the result of accident, mistake, fraud or surprise ; but was the voluntary act of the plaintiff, done with full knowledge of the consequences.   " If a man come to be remediless at common law, by his own negligence, he shall not be relieved in equity." 1 *Fonb. Eq. b.* 1. *ch.* 3. §1.

3. That the court will not decree a set-off, as between the plaintiff and *Amasa Bowen.*   In the first place, independent claims, at the date of this bill, could be set off only in cases of insolvency or absence from the state.   *Stat.* 50. *tit.* 2. §32. (ed. 1838.)   *Gaylord* v. *Couch,* 5 *Day* 228.   *McLean* v. *McLean,* 1 *Conn. R.* 397.   4 *Conn. R.* 297.   6 *Conn. R.* 14. 8 *Conn. R.* 325.   But here neither of these essential requisites is alleged or found.   Secondly, there was no *debt* due from the plaintiff to *A. Bowen.*   It was at his election to fulfill the condition, or forfeit the estate ; and no one but the heir could take advantage of the forfeiture.

4. That the process of foreign attachment was fruitless.

W AITE, J.   The first question presented upon this record, is, whether *Amasa Bowen,* one of the defendants, was an admissible witness for *Millard Bowen,* his co-defendant.   The rule in equity, as well as at law, before the recent statutes, was, that if a defendant had no interest in the result of the suit, he might be a witness ; but if he had such interest, he could not be called by a co-defendant.

It was upon that principle, that a defendant in a recent case before us, was holden to be a competent witness.   *Butler* v. *Elliott,* 15 *Conn. R.* 205.   It appeared that he had no interest in the suit, and that no decree could be made against him.   And this rule was recognized in the *English* courts, prior to their recent statute upon the same subject—7 & 8 *Vict. c.* 85.   2 *Daniel's Chan. Prac.* 1043.

In the present case, the defendant offered as a witness, was a party materially interested in the suit, and liable to be affected by the decree, should the plaintiff succeed in obtain-

ing one in his favour. It is true, he was not one of the heirs of *Eleazer Bowen;* but under the deed to the plaintiff and *Anthony Bowen,* he was entitled to the payment of a certain sum of money. In what manner that payment should be made, whether, in part extinguishment of a debt which he owed, or in some other manner, was a question involved in the case, and in which he had an interest. Under the rule, therefore, excluding parties on the record, who are interested in the result, he was an incompetent witness.

*Windham,*
*July,* 1849.

Bowen
*v.*
Bowen.

But it is said, he was called to testify to facts and matters no way affecting him, but for the benefit of his co-defendant.

What these facts and matters were, it does not appear that the committee was informed. As a general rule, a party upon the record is not a competent witness; and before he can be admitted, it is incumbent upon the party offering him, to show that he is disinterested.

In what manner the witness could testify so as to benefit his co-defendant, without, at the same time, promoting his own interest, does not appear from the case; and we think, that *that* ought to have been shown to the committee, before he could be admitted, even if he were then admissible.

As the case is presented, we cannot say, that the committee erred in rejecting the witness; or that a new trial should be granted.

2. The next enquiry is, whether, upon the facts reported by the committee, the plaintiff is entitled to the relief he seeks. And this precise question seems to have been settled by this court, in *Walker* & al. v. *Wheeler* & al., 2 *Conn. R.* 299. There, the testator, by his will, devised certain real estate to his two sons, they paying to his two daughters the sum of three hundred dollars each, within one year after his decease. The sons failed to pay the daughters within the specified time, but six weeks afterwards tendered the amount, with interest, the receipt of which by one, was refused. That daughter and her husband afterwards brought their action to recover possession of their share of the real estate so devised. One of the sons and the heirs of the other son, who had died, then brought their bill in chancery against the two daughters of the testator, to regain the title which had been forfeited, by the non-performance of the condition; and this court granted the relief, and held, that "where a

*Windham,*
July, 1849.
——————
Bowen
*v.*
Bowen.

condition has not been performed by the time, and compensation can be made, a court of equity will interfere and grant relief."

That case so clearly resembles the present, in all its essential features, that we deem it unnecessary to examine the subject further.

The committee has found, that shortly after the expiration of the time limited in the deed for the payment of the money required to be paid to *Amasa Bowen,* the amount of the principal and interest of that sum, was tendered to him. This gives the plaintiff a right to the relief he seeks.

With respect to the several suits against *Amasa Bowen,* we do not see that they give the plaintiff any right to retain the money tendered; nor do we see any sufficient grounds for decreeing a set-off of one debt against the other. The debts are distinct and independent; and it is not even averred, that *Amasa Bowen* is insolvent. No ground therefore exists for decreeing a set-off.

We therefore advise the superior court to accept the report of the committee, and grant the prayer of the plaintiff's bill.

In this opinion the other Judges concurred.

Decree for plaintiff.